UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BERTRAM SMITH,

    Plaintiff,

    v.

SONNEY ORNELAS, et al.,

    Defendants.

CAUSE NO. 3:21-CV-71-JD-MGG

OPINION AND ORDER

Bertram Smith, a prisoner without a lawyer, filed a complaint about a dog bite he received from a correctional officer's K9 partner at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Smith was bitten by a dog handled by Officer Sonney Ornelas during a lockdown. His version of what happens differs from Ornelas's version of what happened. According to the conduct report[1] attached to the complaint, Ornelas was

---

[1] Smith does not allege whether there was a disciplinary hearing on the conduct report or any sanctions that may have resulted. Therefore, the court is unable to determine based on the complaint

called in to help lockdown Smith's unit during an emergency signal. ECF 1-1 at 1. Smith was cleaning the showers during the lockdown and refused Ornelas's verbal orders to lockdown. Instead, he attempted to speak to Sergeant Nicole Wells, grabbed a bowl, and tried to get ice. Ornelas was in front of the ice machine with his K9 partner, and when Smith broke the 10-foot perimeter he knew to keep from the dog, Ornelas released the dog. After Smith submitted to being handcuffed, he was taken to get medical treatment for the dog bite.

According to Smith's version, Sergeant Wells had given him permission to get ice during the lockdown (which she confirms in a written witness statement, ECF 1-1 at 2). ECF 1 at 2. But Officer Ornelas was blocking the ice machine, and he was the one who caused Smith to come within 10 feet of the dog. *Id.* at 2-3. Smith was simply trying to comply with Wells's order to get ice and then lockdown. *Id.* at 3.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). The use of a dog can constitute excessive force on the part of the dog's handler. *See Becker v. Elfreich*, 821 F.3d 920, 925-27 (7th Cir. 2016); *Dye v. Wargo*, 253 F.3d 296 (7th Cir. 2001). "[T]he question whether the measure taken inflicted

---

whether the bar in *Edwards v. Balisok*, 520 U.S. 641 (1997) would apply here. If he lost earned-time credits in the disciplinary proceeding, he cannot maintain a claim under § 1983 that would necessarily imply the invalidity of the guilty finding unless that guilty finding has been overturned. *Id.* at 645; *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). His sole remedy in that situation is through habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973); *see also Alexander v. Rasmussen*, 725 F. App'x 418, 420 (7th Cir. 2018) (observing that prisoner must use habeas corpus to challenge disciplinary proceeding if the sanctions imposed included the loss of good-time credits).

unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, taking the facts in a light most favorable to Smith, the complaint plausibly alleges that Officer Ornelas released the dog even though it was not needed to maintain discipline in violation of the Eighth Amendment.

Smith also names Officer Benjamin and Sergeant Wells as defendants, but he does not explain how they were involved in the alleged use of excessive force. A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). The conduct report reveals that after the use of force, Wells and Benjamin handcuffed him and took him for medical treatment. ECF 1-1 at 1. By that time, the alleged use of force had already occurred.

For these reasons, the court:

(1) GRANTS Bertram Smith leave to proceed against Sonney Ornelas in his individual capacity for compensatory and punitive damages for using excessive force by allowing his K9 partner to bite Smith on August 25, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Benjamin and Nicole Wells;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sonney Ornelas at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sonney Ornelas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 8, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT