UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BERTRAM SMITH,

    Plaintiff,

    v.                                       CAUSE NO. 3:21-CV-71-JD-MGG

SONNEY ORNELAS,

    Defendant.

OPINION AND ORDER

Bertram Smith, a prisoner without a lawyer, is proceeding in this case "against Sonney Ornelas in his individual capacity for compensatory and punitive damages for using excessive force by allowing his K9 partner to bite Smith on August 25, 2020, in violation of the Eighth Amendment[.]" ECF 11 at 3. On October 29, 2021, Ornelas filed a motion for summary judgment, arguing Smith did not exhaust his administrative remedies before filing suit. ECF 27. With the motion, Ornelas provided Smith the notice required by N.D. Ind. L.R. 56-1(f). ECF 29. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."[1] After this deadline passed without any response from Smith, the court extended Smith's

---

[1] Local Rule 56-1 was amended on February 25, 2022. Because Ornelas' summary judgment motion was filed before that date, the prior version of Local Rule 56-1 applies.

deadline to respond until January 7, 2022. ECF 37. This deadline passed almost four months ago, but Smith has not responded. Therefore the court will now rule on Ornelas' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Ornelas provides an affidavit from Michael Gapski, the Grievance Specialist at Miami Correctional Facility, who attests to the following:[2] On September 11, 2020, the grievance office received Grievance 117488 from Smith, complaining of Ornelas' alleged misconduct. ECF 27-1 at 5. On October 5, 2020, the grievance office denied Grievance

---

[2] Because Smith has not responded to Ornelas' summary judgment motion, the court accepts Gapski's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

2

117488 and notified Smith of the denial. *Id.* Smith did not appeal the grievance office's denial of Grievance 117488, which is a required step under the Offender Grievance Process. *Id.*

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, Ornelas has provided undisputed evidence Smith did not exhaust his administrative remedies prior to filing this lawsuit. Specifically, Ornelas provides evidence Smith complained of Ornelas' conduct in Grievance 117488 but did not appeal the grievance office's denial of Grievance 117488, which is a necessary step to exhaust the grievance. *See* ECF 27-2 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance

3

Manager). Smith does not provide any evidence he exhausted Grievance 117488, he submitted any other relevant grievance, or the grievance process was unavailable to him. Thus, Ornelas has met his burden to show failure to exhaust. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Ornelas' summary judgment motion (ECF 27); and

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of Sonney Ornelas and against Bertram Smith and to close this case.

SO ORDERED on May 10, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT